```
ANN M. CERNEY, SBN: 068748
Attorney at Law
42 North Sutter Street, Suite 400
Stockton, California  95202
Telephone: (209) 948-9384
Facsimile:  (209) 948-0706

Attorney for Plaintiff
```

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| PAMELA WALKER, | CASE NO. 2:10-02595-DAD |
| Plaintiff, | **ORDER SETTLING ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)** |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant(s). | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND THREE HUNDRED DOLLARS AND 00/CENTS ($5,300.00).  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under

1  the United States Department of the Treasury's Offset Program.  After the order for EAJA fees
2  and expenses is entered, the government will determine whether they are subject to any offset.
3          Fees and expenses shall be made payable to Plaintiff, but if the Department of the
4  Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause
5  the payment of fees, expenses and costs to be made directly to Ann M. Cerney, pursuant to the
6  assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.
7          This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA
8  attorney fees and expenses, and does not constitute an admission of liability on the part of
9  Defendant under the EAJA.  Payment of the agreed amount shall constitute a complete release
10  from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to
11  EAJA attorney fees and expenses in connection with this action.
12          This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security
13  Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

14
15                                          Respectfully submitted,
16
17  Date: November 27, 2012           /s/ Ann M. Cerney
                                      ANN M. CERNEY,
18                                    Attorney for Plaintiff
19
                                      BENJAMIN B. WAGNER
20                                    United States Attorney
                                      DONNA L. CALVERT
21                                    Acting Regional Chief Counsel,
                                      Social Security Administration
22
23  Date: November 27, 2012           /s/ Elizabeth Barry
                                      ELIZABETH BARRY,
24                                    (by email authorization on 11/27/12)
                                      Special Assistant United States Attorney
25                                    Attorneys for Defendant
26  /////
27  /////
28

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: November 27, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.soc sec
walker2595.stip.eajafees.ord.wpd